# United States District Court

MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

V.

FREDDY ANDJUAR

## WARRANT FOR ARREST

CASE NUMBER: 3:05-MJ-20

1:06 M 30 A

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Freddy Andjuar
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment ☐ Information ☐ Complaint ☒ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Revocation of Pretrial Release

in violation of Title 18 United States Code, Section(s) 3148

THOMAS M. BLEWITT
Name of Issuing Officer

U.S. MAGISTRATE/JUDGE
Title of Issuing Officer

[signature]
Signature of Issuing Officer

March 15, 2006
Date and Location

Bail fixed at $ ______ by ______
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
V.

FREDDY ANDUJAR &
CEASAR ANDUJAR SOTO

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 3:05-MJ-20 (1+2)

1:06M30A

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about 9/9/2005 (Date) in Luzerne County, in the Middle District of Pennsylvania defendant(s) did,

(Track Statutory Language of Offense)
knowingly and willfully conspire, confederate, and agree together and with other persons known and unknown to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack)

in violation of Title 18 United States Code, Section(s) 846 .

I further state that I am a(n) Federal task Force Officer (DEA) (Official Title) and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

Louis Callavini
Signature of Complainant

Louis Callavini
Printed Name of Complainant

Sworn to before me and signed in my presence,

9/9/2005 at Scranton, Pennsylvania
Date City State

Thomas M. Blewitt, Magistrate Judge
Name of Judge Title of Judge Signature of Judge

LOUIS CALLAVINI, being duly sworn, deposes and says:

1. I am a Detective with the Hazleton Pennsylvania Police Department who is presently serving full-time as a Federal Task Force Officer assigned to the United States Drug Enforcement Administration (DEA) Scranton, Pennsylvania, Resident Office. I submit this affidavit in support of a criminal complaint charging Freddy ANDUJAR and Ceasar ANDUJAR SOTO with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack), in violation of Title 21, United States Code, section 846.

2. During the morning hours of September 9, 2005, your affiant participated in the execution of search warrants in relation to a drug trafficking investigation of Freddy ANDUJAR and Ceasar ANDUJAR SOTO, two brothers who are involved in the distribution of crack cocaine in the Hazleton area. During the search of 606 Arthur Street, Hazleton, which is the residence of both Freddy ANDUJAR and Ceasar ANDUJAR SOTO, law enforcement officers recovered in excess of 50 grams of a substance which field-tested positive for cocaine hydrochloride and which, from your affiant's training and experience, has the appearance of cocaine base (crack). The suspected crack cocaine was packaged in numerous individual packages for sale. Also in the residence, officers recovered a scale and in excess of $7,000 in United States currency. Some of the cash was in a drawer along with majority of the drugs and the scale. Both Freddy ANDUJAR and Ceasar ANDUJAR SOTO were present in the residence at the time of the search.

3. After the search, Freddy ANDUJAR waived his rights as per Miranda and agreed to speak with agents. According to ANDUJAR, he and his brother are involved in the distribution of crack cocaine together in Hazleton. He stated that he and his brother share a common cellular telephone for the purpose of arranging meetings with customers to sell crack and that they have, in fact, sold crack together to a number of people.

The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: September 9, 2005

T.F.O. Louis Callavini

Sworn to and Subscribed Before me this
9th Day of September, 2005

Thomas M. Blewitt
United States Magistrate Judge
Scranton, Pennsylvania

# UNITED STATES DISTRICT COURT

MIDDLE District of PENNSYLVANIA

United States of America
V.
FREDDY ANDUJAR
Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 3:05-MJ-20 (1)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) ______________________
Place
______________________ on ______________________
Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ______________________ dollars ($ __________) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

FILED
SCRANTON
OCT 18 2005
PER ____________
DEPUTY CLERK

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) ______
(Address) ______
(City and state) ______ (Tel. No.) ______

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: ______ ______
Custodian or Proxy Date

( X ) (7) The defendant shall:

( X ) (a) report to the U.S. Pretrial/Probation Services in District of Rhode Island.
telephone number ______, not later than ______.

( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

( ) (d) execute a bail bond with solvent sureties in the amount of $ ______.

( X ) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

( X ) (g) surrender any passport to: U.S. Probation in Scranton, Pa. / Clerks Office in Scranton, Pa.

( ) (h) obtain no passport.

( X ) (i) abide by the following restrictions on personal association, place of abode, or travel:
Travel restricted to the MD of Pa. and District of Rhode Island as authorized

( X ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: co-defendant except thru your attorney.

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows:

( ) (l) return to custody each (week) day as of ______ o'clock after being released each (week) day as of ______ o'clock for employment, schooling, or the following limited purpose(s):

( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o) refrain from ( ) any ( ) excessive use of alcohol.

( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( X ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( X ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( ) (i) Curfew. You are restricted to your residence every day ( ) from ______ to ______, or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( X ) (v) Live at residence: 859 Mineral Spring Ave, Pawtucket, R.I. 02860
Phone: 401-475-4373

( ) (w)

( ) (x)

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]
Signature of Defendant

[redacted]
Address

[redacted]
City and State Telephone

## Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: October 18, 2005

[signature]
Signature of Judicial Officer

THOMAS M. BLEWITT, US MAGISTRATE/JUDGE
Name and Title of Judicial Officer

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

INTERPRETER

# U.S. District Court
# Middle District of Pennsylvania (Scranton)
# CRIMINAL DOCKET FOR CASE #: 3:05-mj-00020-TMB-1

Case title: USA v. Andujar et al

Date Filed: 09/09/2005

---

Assigned to: Magistrate Judge Thomas M. Blewitt

**Defendant**

**Freddy Andujar** (1)

represented by **Douglas A. Clark**
1522 Pennsylvania Avenue
Peckville, PA 18452
570-307-0702
Fax: 570-383-3279
Email: clarkesquire@adelphia.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 21:846=CD.F | |

---

**Plaintiff**

**USA**

represented by **William Spencer Houser**
United States Attorney's Office
P.O. Box 309

235 N. Washington Avenue
Scranton, PA 18501
570-348-2800
Email: william.houser@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2005 | 1 | COMPLAINT as to Freddy Andujar (1), Ceasar Andujar Soto (2) filed by DEA. (Complaint states 18:846 but should be 21:846. (Per Court does not have to be corrected) (jb, ) (Entered: 09/09/2005) |
| 09/09/2005 | 2 | ORDER - Luis appointed as interpreter in this case . Signed by Judge Thomas M. Blewitt on 9/9/05. (jb, ) (Entered: 09/09/2005) |
| 09/09/2005 | 3 | Financial Affidavit (CJA 23) by Freddy Andujar. (jb, ) (Entered: 09/09/2005) |
| 09/09/2005 | 6 | ORDER granting [3] Financial Affidavit (CJA 23). CJA Douglas A. Clark for Freddy Andujar appointed. Signed by Judge Thomas M. Blewitt on 9/9/05. (jb, ) (Entered: 09/09/2005) |
| 09/09/2005 | 8 | NOTICE - as to Freddy Andujar. Detention Hearing is set for 9/13/2005 09:30 AM in Scranton before Magistrate Judge Thomas M. Blewitt. Signed by Judge Thomas M. Blewitt on 9/9/05. (jb, ) (Entered: 09/09/2005) |
| 09/09/2005 | 11 | NOTICE - as to Freddy Andujar, Ceasar Andujar Soto. Prem Exams set for 9/21/2005 09:30 AM in Scranton before Magistrate Judge Thomas M. Blewitt. Signed by Judge Thomas M. Blewitt on 9/9/05. (jb, ) (Entered: 09/09/2005) |
| 09/13/2005 | 13 | ORDER OF DETENTION PENDING TRIAL as to Freddy Andujar . Signed by Judge Thomas M. Blewitt on 9/13/05. (jb, ) (Entered: 09/13/2005) |
| 09/19/2005 | 14 | Unopposed MOTION to Continue *Preliminary Examination* by Freddy Andujar. (Attachments: # 1 Proposed Order to Continue Preliminary Examination)(Clark, Douglas) (Entered: 09/19/2005) |
| 09/20/2005 | 15 | ORDER granting 14 Motion to Continue Prem Exam as to Freddy Andujar (1). The Prem Exam will be held on Oct 21, 2005 at 9:30 AM. The clerk shall execute the appropriate time pursuant to the Speedy Trial Act 18 USC Sec3161(h)(8)(A). Signed by Judge Thomas M. Blewitt on 9/20/05. (jb, ) (Entered: 09/20/2005) |
| 10/11/2005 | 18 | MOTION for Release from Custody / *Review of Detention Order* by Freddy Andujar. (Clark, Douglas) (Entered: 10/11/2005) |
| 10/11/2005 | 19 | MEMORANDUM *in Support of Motion to Review Detention Order* by Freddy Andujar (Clark, Douglas) (Entered: 10/11/2005) |
| | | |

| | | |
|---|---|---|
| 10/12/2005 | 20 | NOTICE - as to Freddy Andujar. Hearing on Review of Detention Order set for 10/18/2005 09:30 AM in Scranton before Magistrate Judge Thomas M. Blewitt. (jb, ) (Entered: 10/12/2005) |
| 10/18/2005 | 21 | Unopposed MOTION to Continue *Preliminary Examination* by Freddy Andujar. Brief in Support due by 11/1/2005 (Attachments: # 1 Proposed Order to Continue Preliminary Examination)(Clark, Douglas) (Entered: 10/18/2005) |
| 10/18/2005 | 23 | ORDER Setting Conditions of Release as to Freddy Andujar; Report to Pretrial services in District of Rhode Island; Maintain or seek employment; Surrender Passport to clerks office in Scranton, Pa.; Travel restricted to the MD of Pa and District of Rhode Island; No weapons; Submit to drug testing or treatment as directed; Live at residence of 859 Mineral Spring Ave, Pawtucket, R.I. Signed by Judge Thomas M. Blewitt on 10/18/05. (jb, ) (Entered: 10/18/2005) |
| 10/18/2005 | 24 | Sealed Document - by MJ Blewitt. (jb, ) (Entered: 10/18/2005) |
| 10/18/2005 | 25 | ORDER granting Uncontested Motion to Continue Prem Exam as to Freddy Andujar; The Prem Exam will be held on 11/18/05 at 9:30 AM. The clerk shall execute the appropriate time pursuant to the Speedy Trial Act, 18 USC Sec3161(h)(8)(A). Signed by Judge Thomas M. Blewitt on 10/18/05. (jb, ) (Entered: 10/18/2005) |
| 11/15/2005 | 26 | Unopposed MOTION to Continue *Preliminary Examination* by Freddy Andujar. Brief in Support due by 11/30/2005 (Attachments: # 1 Proposed Order to Continue Preliminary Examination)(Clark, Douglas) (Entered: 11/15/2005) |
| 11/16/2005 | 27 | ORDER granting 26 Motion to Continue Prem Exam as to Freddy Andujar; The Prem Exam will be held on Dec 19, 2005 at 9:30 AM and the clerk shall execute the appropriate time pursuant to the Speedy Trial Act, 18 USC Sec3161(h)(8)(A). Signed by Judge Thomas M. Blewitt on 11/16/05. (jb, ) (Entered: 11/16/2005) |
| 12/15/2005 | 28 | Unopposed MOTION to Continue *Preliminary Examination* by Freddy Andujar. Brief in Support due by 12/30/2005 (Attachments: # 1 Proposed Order to Continue Preliminary Examination)(Clark, Douglas) (Entered: 12/15/2005) |
| 12/16/2005 | 29 | ORDER granting 28Uncontested Motion to Continue Prem Exam as to Freddy Andujar; The Prem Exam is RESCHEDULED from 12/19/05 at 9:30 AM to Jan 18, 2006 at 9:30 AM. 3. The clerk shall execute the appropriate time pursuant to the Speedy Trial Act l8 USC Sec3161(h)(8)(A).. Signed by Judge Thomas M. Blewitt on 12/16/05. (jb, ) (Entered: 12/16/2005) |
| 01/17/2006 | 30 | Unopposed MOTION to Continue *Preliminary Examination* by Freddy Andujar. Brief in Support due by 1/31/2006 (Attachments: # 1 Proposed Order to Continue Preliminary Examination)(Clark, Douglas) (Entered: 01/17/2006) |
| | | |

| | | |
|---|---|---|
| 01/17/2006 | 31 | ORDER granting 30 deft's Motion to Continue Prem Exam scheduled for 1/18/06 at 9:30 AM as to Freddy Andujar (1). 2. The Prem Exam will be held on Feb 17, 2006 at 9:30 AM. 3. The clerk shall execute the appropriate time pursuant to the Speedy Trial Act, 18 USC Sec3161(h)(8)(A).. Signed by Judge Thomas M. Blewitt on 1/17/06. (jb, ) (Entered: 01/17/2006) |
| 02/10/2006 | 32 | Unopposed MOTION to Continue *Preliminary Examination* by Freddy Andujar. Brief in Support due by 2/27/2006 (Attachments: # 1)(Clark, Douglas) (Entered: 02/10/2006) |
| 02/10/2006 | 33 | ORDER granting 32 Motion to Continue Prem Exam set for 2/17/06 as to Freddy Andujar (1). 2. The Prem Exam is continued to 3/17/06 at 9:30 AM. 3. The clerk shall execute the appropriate time pursuant to the Speedy Trial Act, 18 USC Sec3161(h)(8)(A).. Signed by Judge Thomas M. Blewitt on 2/10/06. (jb, ) (Entered: 02/13/2006) |
| 03/14/2006 | 36 | Sealed Document - in support of #35. (jb, ) (Entered: 03/15/2006) |
| 03/14/2006 | 37 | SEALED ORDER - granting #35. (jb, ) (Entered: 03/15/2006) |
| 03/14/2006 | 38 | SEALED ORDER -granting #34. (jb, ) (Entered: 03/15/2006) |
| 03/16/2006 | 40 | MOTION to Continue *Preliminary Examination* by Freddy Andujar. Brief in Support due by 3/30/2006 (Attachments: # 1)(Clark, Douglas) (Entered: 03/16/2006) |
| 03/16/2006 | 41 | ORDER granting 40 Uncontested Motion to Continue Prem Exam set for 3/17/06 as to Freddy Andujar (1). The Prem Exam is RESCHEDULED to 4/17/06 at 9:30 AM. This time period shall be excluded under the Speedy Trial Act 18 USC Sec3161(h)(8)(A). Signed by Judge Thomas M. Blewitt on 3/16/06. (jb, ) (Entered: 03/16/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/23/2006 15:41:28 | | | |
| **PACER Login:** | us6061 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:05-mj-00020-TMB |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. CR-06-110 |
| v. | Violation: 21 USC § 846 [conspiracy to distribute and possess with intent to distribute cocaine base (crack)] |
| FREDDIE ANDUJAR, | |
| Defendant. | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

Between on or about the 1st day of May, 2005, the exact date being unknown, to on or about the 9th day of September, 2005, in the Middle District of Pennsylvania, and elsewhere, the defendant,

FREDDIE ANDUJAR,

did knowingly and intentionally combine, conspire, confederate and agree with one or more other persons to commit the following offenses against the United States: namely, to knowingly, intentionally and unlawfully distribute and possess with intent to distribute a measurable quantity of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

Dated: March 20, 2006

Thomas A. Marino (WSTH)
THOMAS A. MARINO
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| v. | ) | CR-06-110 |
| FREDDY ANDUJAR, | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT**

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That information will charge the defendant with a violation of Title 21, United States Code, Section 846,

conspiracy to distribute and possess with intent to distribute cocaine base (crack). The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $1,000,000, a term of supervised release of at least three years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing. In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

2. Term of Supervised Release. The defendant also understands that, pursuant to Title 21, United States Code, § 841(b)(1)(C), the court must impose at least a three-year term of supervised release in addition to any term of imprisonment, fine or assessment in this case.

3. Maximum Sentence. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 20 years in prison and/or fines totaling $1,000,000, a term of supervised release of at least three years to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

4. Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain

or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. Inmate Financial Responsibility Program. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. Special Assessment. The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying

compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8. Financial Litigation Unit Investigation. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms

prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

9. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

10. <u>Acceptance of Responsibility-Three Levels</u>. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently. Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level

for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

11. Appropriate Sentence Recommendation. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12. Specific Sentencing Guidelines Recommendations. With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

(a) at least 50 grams but less than 150 grams of cocaine base (crack) are attributable to the defendant for the purposes of sentencing;

(b) each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines.

The parties agree that a sentence within this range of the Sentencing Guidelines is a reasonable sentence under the facts and circumstances of this case.

The defendant understands that none of these recommendations

is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

13. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the

probation office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house or similar facility.

(g) The defendant be placed under house detention.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

14. Substantial Assistance. The defendant has agreed to cooperate with the United States. Upon completion of the cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Section 5K1.1 of the United States Sentencing Guidelines, the United States may request the Court to depart below the guideline range when fixing

a sentence for this defendant. In the event that the defendant renders substantial assistance, the United States specifically reserves the right to make a specific recommendation of a term of months to the District Court. However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, commits any other offense while awaiting plea or sentencing, or if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the guidelines imprisonment range otherwise called for by the Sentencing Guidelines in this case.

15. Cooperation. The defendant has agreed to cooperate with the United States by providing information concerning the unlawful activities of others. The United States agrees that self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range except to the extent provided in this agreement. This provision, however, shall not be applied to restrict the use of information:

(a) known to the United States prior to entering into the cooperation agreement;

(b) concerning the existence of prior convictions and sentences;

(c) in a prosecution for perjury, giving a false statement, or obstruction of justice;

(d) in the event there is a breach of the cooperation agreement.

16. Background Information for Probation Office. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

17. Objections to Pre-Sentence Report. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence,

other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

19. Maximum Sentence. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $1,000,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

20. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

21. <u>Full Cooperation</u>. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement

agencies designated by counsel for the United States. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has breached this agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

22. Undercover Capacity. The defendant agrees to act in an undercover capacity to the best of the defendant's ability and agrees to allow the authorities to monitor and tape record conversations, in accordance with Federal law, between the defendant and persons believed to be engaged in criminal conduct, and fully cooperate with the instructions of law enforcement authorities in such undercover activities.

23. Polygraph Examination. The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by a polygrapher selected by the United States.

24. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

25. Admissibility of Polygraph Results. The parties agree that at any court hearings held to determine whether the defendant has breached this agreement, the polygraph results and the polygrapher's conclusions and opinions shall be admissible. The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

26. Remedies for Breach. The defendant and the United

States agree that in the event the Court concludes that the defendant has breached the agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

(b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

(c) Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

27. Further Prosecution for Perjury, False Statement, Etc. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this

agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

28. No Civil Claims or Suits. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

29. Transfer of Evidence. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

30. Collection Action by IRS. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any

taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

31. Deportation. The defendant understands that, if he is not a United States citizen, deportation is a possible consequence of his plea.

32. Non-Limitation on Government's Response. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

33. Agreement Not Binding on Other Agencies. Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

34. Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has

committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

35. Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

36. Merger of All Prior Negotiations. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to

this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

37. Waiver Allowing Admission of Plea Discussions and Cooperation. In the event that the defendant does not plead guilty, the plea is not accepted by the court, or the plea is withdrawn, the defendant agrees that he hereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence and that any statements made by him as part of plea discussions or as part of his cooperation with the government will be admissible against him without limitation in any civil or criminal proceeding.

DC
F.A.

38. Deadline for Acceptance of Plea Agreement. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., February 6, 2006, otherwise the offer may, in

the sole discretion of the Government, be deemed withdrawn.

39. Required Signatures. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

3-12-06
Date

Freddy Andujar, Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

3-12-06
Date

Douglas Clark, Esq.
Counsel for Defendant

3-20-06
Date

Thomas A. Marino (TAM)
Thomas A. Marino
United States Attorney

TRANSLATOR'S CERTIFICATION FOR USE WHEN DEFENDANT REQUIRES TRANSLATION OF PLEA AGREEMENT

I hereby certify that I am qualified to translate English to the defendant's native language and the defendant's native language to English. The foregoing plea agreement was accurately

translated by me for the defendant prior to the defendant signing the agreement. The defendant appeared to understand the terms of the plea agreement and had the opportunity to ask questions of his attorney prior to signing it.

Dated: ____________________ ______________________________
Translator

TAM:WSH:al

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| v. | ) | CR-06-110 |
| FREDDY ANDUJAR, | ) | |
| Defendant. | ) | |

**STATEMENT OF DEFENDANT**

1. I understand the nature of the charge contained in the Information to which I propose to plead guilty to be: a violation of Title 18, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute cocaine base (crack).

2. I further understand that, based solely upon my plea of guilty, the Judge could, if he chose, sentence me to the maximum sentence of 20 years or a fine of $1,000,000.00, or both.

3. I am represented by an attorney, Douglas Clark; I fully understand that I have the right to be represented by an attorney at every stage of these proceedings against me and, if necessary, one will be appointed to represent me.

4. I understand that I have the right to plead not guilty that I have the right to be tried by a jury and at that trial have the right to assistance of counsel; that I have the right to confront and cross-examine witnesses against me; and that I have the right not to be compelled to incriminate myself. I recognize

that I have the right to move to suppress the evidence against me, to present my own case to the jury, call witnesses on my behalf and subpoena records in my defense. I realize that, by pleading guilty, I am giving up all of these rights.

5. I understand that if I enter a plea of guilty to the Information, there will not be a further trial of any kind so that by pleading guilty, I am waiving the right to a trial.

6. I have discussed these matters with my attorney and am satisfied with his representation of me in these proceedings.

7. No promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement. I am entering into this plea voluntarily with full knowledge of what rights I am giving up.

8. I am aware that, by entering a plea of guilty, I am admitting that what the Government says about me in the Information is true and that I did, in fact, commit the offense with which I am charged.

9. I understand that if I enter a plea of guilty to the Information, the Court may ask me questions about the offense to which I have pleaded, and if I answer those questions falsely under oath, on the record, and in the presence of counsel, my answers later may be used against me in a prosecution for perjury or false statement.

I fully understand the foregoing statement, consisting of three (3) typewritten pages.

FREDDY ANDUJAR

DOUGLAS CLARK, ESQUIRE
Counsel for Defendant

WVNEED

**U.S. District Court**
**Middle District of Pennsylvania (Scranton)**
**CRIMINAL DOCKET FOR CASE #: 3:06-cr-00110-ARC-ALL**

Case title: USA v. Andujar | Date Filed: 03/20/2006

---

Assigned to: Honorable A. Richard Caputo

**Defendant**

**Freddy Andujar** (1) represented by **Douglas A. Clark**
1522 Pennsylvania Avenue
Peckville, PA 18452
570-307-0702
Fax: 570-383-3279
Email: clarkesquire@adelphia.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA** represented by **William Spencer Houser**
United States Attorney's Office

P.O. Box 309
235 N. Washington Avenue
Scranton, PA 18501
570-348-2800
Email: william.houser@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/20/2006 | 1 | INFORMATION as to Freddy Andujar (1) count(s) 1. (rm, ) (Entered: 03/20/2006) |
| 03/20/2006 | 2 | PLEA AGREEMENT as to Freddy Andujar. (rm, ) (Entered: 03/20/2006) |
| 03/20/2006 | 3 | STATEMENT OF DEFENDANT RE: Plea of Guilty filed by Freddy Andujar. (rm, ) (Entered: 03/20/2006) |
| 03/20/2006 | 4 | Criminal Cover Sheet (Sealed) - First Defendant: Freddie Andujar . (kn, ) (Entered: 03/21/2006) |
| 03/23/2006 | | Docket Annotation - case assigned to Judge Caputo. (kc, ) (Entered: 03/23/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/23/2006 16:20:34 | | | |
| **PACER Login:** | us6061 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:06-cr-00110-ARC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |